W. C. WHITE v. H. P. WHITEHURST, RECEIVER OF BANK OF VANCEBORO, AND THE NATIONAL BANK OF NEW BERN.

(Filed 5 October, 1927.)

**Banks and Banking—Bills and Notes—Payment—Bank Purchasing Its Own Shares of Stock—Statutes—Consideration—Collateral.**

A bank may not cancel a note made to it in consideration of shares of its stock delivered to it by the maker of the note he had purchased from another, it not appearing that the maker of the note thus canceled was insolvent, or that the transaction was necessary to prevent loss to the payee bank, and payment so made is not a valid defense in the hands of another bank to which the note had been endorsed before maturity by the payee bank as collateral security. 3 C. S., 220(t) ; C. S., 224; Laws of 1921, ch. 4, sec. 45.

APPEAL by plaintiff from *Cranmer, J.,* at February Term, 1927, of CRAVEN. No error.

Action to have note for $500, executed by plaintiff, payable to the Bank of Vanceboro, and now held by the National Bank of New Bern, canceled and delivered to plaintiff, upon his allegation that same has

20—194

been paid. Defendants deny this allegation. The National Bank of New Bern prays that it recover of plaintiff upon said note the sum of $500 and interest, together with its costs.

Issues submitted to the jury were answered as follows:

"1. Did plaintiff pay the note as alleged in the complaint? Answer: No.

2. If so, is plaintiff entitled to have the note delivered up and canceled? Answer: No.

3. If not, what amount, if any, is plaintiff entitled to recover from the receiver? Answer: Nothing.

4. Is the defendant, National Bank of New Bern, the holder of said note in due course? Answer: Yes.

Upon the foregoing verdict, judgment was rendered (1) that plaintiff take nothing by his action; (2) that the National Bank of New Bern recover of the plaintiff the sum of $500, with interest and costs.

From this judgment plaintiff appealed to the Supreme Court.

*D. L. Ward for plaintiff.*
*H. P. Whitehurst and Ward & Ward for defendants.*

CONNOR, J. On 7 April, 1923, plaintiff executed his note in the sum of $500, payable to the order of the Bank of Vanceboro. On 13 December, 1923, the Bank of Vanceboro was adjudged insolvent, and the defendant, H. P. Whitehurst was duly appointed as its receiver. The said note, prior to its maturity, was endorsed by the Bank of Vanceboro, and deposited with the National Bank of New Bern as collateral security.

Plaintiff alleges that he paid the said note to the Bank of Vanceboro on 22 September, 1923, but that the bank failed to cancel and deliver the note to him; that he thereafter was informed that the National Bank of New Bern had possession of said note; and that said National Bank of New Bern has refused, upon his demand, to deliver the note to him. Both defendants denied that plaintiff had paid the note as alleged.

In support of his allegation that he had paid the note to the Bank of Vanceboro, prior to the appointment of the receiver, plaintiff testified that shortly before 22 September, 1923, he became the owner, by purchase, of five shares of the capital stock of the Bank of Vanceboro, standing on the books of the bank in the name of one Gaskins; that pursuant to an agreement with the cashier of said bank, he caused the certificate for said shares to be endorsed by the said Gaskins, and thereupon delivered the same to the bank; and that the bank accepted said

certificate in full payment of his note. He testified that the cashier said, upon his delivery of the certificate to him, "I will give you the note in a day or two."

There was evidence tending to show that the directors of the bank authorized the cashier to accept the certificate for the shares of stock in payment of plaintiff's note. There was no evidence that plaintiff, at the time was insolvent; that the note was not collectible in money, or that it was necessary for the Bank of Vanceboro to purchase the shares of stock in order to collect the note, or to prevent loss upon a debt previously contracted.

Plaintiff excepted to the instruction of the court to answer the first and second issues, "No," and the third issue "Nothing." Assignment of error based upon this exception cannot be sustained. There was no error in the instruction.

It is provided by statute in this State that "it shall be unlawful for any bank to make any loan secured by the pledge of its own shares of stock, nor shall any bank be the holder as pledgee or purchaser, of any portion of its capital stock, unless such stock is purchased or pledged to it to prevent loss upon a debt previously contracted in good faith." 3 C. S., 220(t). Laws 1921, ch. 4, sec. 45. See, also, C. S., 224.

In the absence of evidence tending to show affirmatively that the shares of its capital stock were purchased by the Bank of Vanceboro from plaintiff to prevent loss upon the note, such purchase was in violation of the statute, and therefore void. *Phosphate Co. v. Johnson,* 188 N. C., 419. Neither party thereto acquired any rights by reason of said transaction. The delivery of the certificate for such shares was not a payment of plaintiff's note. The judgment that plaintiff recover nothing in this action is affirmed.

The evidence tended to show that plaintiff's note was transferred by endorsement of the Bank of Vanceboro to the National Bank of New Bern, prior to its maturity, as collateral security for the payment of indebtedness of the Bank of Vanceboro to the National Bank of New Bern. There was no evidence that such indebtedness had been paid, nor was there any evidence tending to show that plaintiff has any defense or equity in respect to said note available to him against the Bank of Vanceboro. The amount due upon the note was not in controversy. There was no error in the instruction of the court upon the fourth issue. The judgment that the National Bank of New Bern recover of the plaintiff the sum of $500, interest and costs is affirmed.

No error.